*Decisions will be entered under Rule 50.*

ABINGDON POTTERIES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30686. Promulgated October 10, 1952.

*Albert E. James, Esq.*, for the petitioner.

*Harold H. Hart, Esq.*, and *Julian L. Berman, Esq.*, for the respondent.

24

OPINION.

RAUM, *Judge:* Petitioner seeks a deduction from gross income for 1944 in the amount of $23,500 paid by it in February 1945 to a pension trust which it had established for its employees. The deduction is sought under section 23 (p) of the Internal Revenue Code, the applicable provisions of which allow the deduction only "in the taxable year when paid." Except for section 23 (p) (1) (E), which will be discussed presently, these provisions place cash and accrual basis taxpayers on the same footing. Thus, as a general rule, even in the case of an accrual basis taxpayer, the deduction may be taken only in the year of payment, regardless of whether it may have accrued in an earlier year.

Section 23 (p) (1) (E) creates a limited exception from the foregoing requirement. It provides that for the purposes of these provisions, "a taxpayer on the accrual basis shall be deemed to have made a payment on the last day of the year of accrual if the payment is on account of such taxable year and is made within sixty days after the close of the taxable year of accrual."

Since the payment herein was in fact made in 1945, within 60 days after the close of the year 1944, petitioner contends that it is entitled to the reduction in 1944. The difficulty with petitioner's position is that, in our view, the liability for the payment did not in fact accrue in 1944, and that therefore section 23 (p) (1) (E) has no application. Section 23 (p) (1) (E) deals with payments where there was a proper accrual for the prior year; it allows the deduction to be taken in such prior year, provided that payment is made within 60 days after the close of such year. It in no way undertakes to render an item accruable in the earlier year, which would not otherwise be accruable.

It seems clear to us that the item in question did not accrue in 1944. No pension trust whatever had been created in 1944. True, petitioner's board of directors had resolved on December 28, 1944, to create such a trust, presumably to be patterned after a specimen instrument submitted to it, and had authorized a contribution of not to exceed $25,000 to such trust. But that trust was not in fact created until January 26, 1945, and it was only on January 25, 1945, that the trustees who were to serve were named. And there is no evidence that the employees were notified of the trust prior to January 30, 1945. In these circumstances, it is difficult to see how any liability could accrue against petitioner on December 28, 1944, with respect to the amount involved. All that happened on that day was a unilateral determination by petitioner to create a trust in the future and to make a contri-

bution to such trust. If, for any reason, petitioner's board of directors should have decided on, say, January 20, 1945, not to go through with the plan, it could doubtless have met and resolved to abandon it, without subjecting petitioner to liability to anyone.

It seems plain to us that the payments in question did not accrue in 1944, and that section 23 (p) (1) (E) is not authority for treating them as though they did accrue in 1944. Section 23 (p) (1) (E) merely allows the deduction to an accrual basis taxpayer in the earlier year, where the payment, otherwise accruable in the earlier year, is in fact made within 60 days after the close of the earlier year. But where, as here, the $23,500 item is not properly accruable in 1944 under accepted principles of accrual accounting, nothing in section 23 (p) (1) (E) undertakes to authorize the deduction in 1944, merely because payment was made within 60 days after the close of 1944.

Petitioner points to *555, Inc.*, 15 T. C. 671, and *Crow-Burlingame Co.*, 15 T. C. 738, affd. 192 F. 2d 574 (C. A. 8), in support of its position. But in those cases, tentative trust agreements had in fact been executed in the earlier year, and it was an indispensable assumption in those cases that the amounts in question had in fact accrued in the earlier year. Here, on the other hand, the amount involved was not properly accruable in 1944, and therefore cannot be deducted in that year. *Tavannes Watch Co.* v. *Commissioner*, 176 F. 2d 211 (C. A. 2), reversing 10 T. C. 544, also relied upon by petitioner, did not turn upon the issue decided herein.[1]

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

[1] Petitioner has made the contention that the Commissioner's position is based upon Mim. 6394, 1949–1 C. B. 118, promulgated after the year in question, and it suggests that the Commissioner was without authority to make such a retroactive ruling. However, although this ruling confirms the result that we reach herein, our conclusion is not based upon it.